Joseph A. Cox, S.
In this proceeding to settle their account the executors have requested instructions as to the allocation between principal and income of certain funds which were received by them, during the course of administration, from four somewhat unusual investments owned by the decedent at the time of his death. These investments constitute the bulk of certain residuary trusts created by the testator under his will for the benefit of his three children. The accounting executors are a son and daughter of the decedent who, in their individual capacity, own interests in the afore-mentioned investments equal to those of the estate and who, under the terms of the will, are the income beneficiaries of two of the residuary trusts. In the original petition and account the executors took no position with respect to the allocation, merely requesting the court’s instructions with reference thereto, but now they have adopted the allocations proposed by the decedent’s son Julien and one of the cotrustees named in the will. Julien has no individual interest in the investments other than as income beneficiary of the third residuary trust. The only opposition to the proposed allocations is raised by the special guardian appointed by this court to protect the interests of infant remaindermen who con *539 tends that some of the proposed allocations are inequitable insofar as his wards are concerned.
The investments in question are made up of varying percentage interests in real estate corporations, the indicia of ownership being either stocks, bonds or contracts of or with the corporations. The corporations in turn own interests in valuable parcels of real property located in New York City. All of the investments are profitable and, although by their nature must be considered as “ wasting assets ”, have a value beyond the appraised tax value which must be weighed in determining the problems here presented.
Of paramount importance in determining the manner of allocation between principal and income is the intent of the testator as disclosed by his will (Matter of Schaefer, 178 App. Div. 117, affd. 222 N. Y. 533; Frankel v. Farmers’ Loan & Trust Co., 152 App. Div. 58, affd. 209 N. Y. 553; Matter of Osborne, 209 N. Y. 450). It is also important in determining the manner of allocation, to attempt, so far as is possible, to give to principal that which belongs to principal and to give to income that which rightfully belong to income (Matter of Rogers, 22 App. Div. 428, affd. 161 N. Y. 108; Matter of Otis, 276 N. Y. 101).
In the case at bar the decedent in paragraph 22 of his will stated: “ I wish it understood that my primary concern in creating the trusts above mentioned is the welfare and comfort of my children and their immediate families rather than the remaindermen of the trusts and I therefore direct my Trustees, in the selection of investments to choose those producing the highest income consistent with reasonable security of principal.” As a further indication of his intent the decedent gave to his trustees the right to invade the' principal of the trust for his son Julien to the extent of one third of the original amount of the corpus for the benefit of his said son and his immediate family and in paragraph 18 of the will decedent, among the specific powers granted to the trustees, stated: ‘ ‘ All other extraordinary dividends, except liquidating dividends shall be considered income. Liquidating dividends shall he apportioned. The Trustees ’ determination as to whether any dividend is ordinary, extraordinary or liquidating shall be conclusive and binding upon all persons now or hereafter interested in the trust estate, and my Trustees shall be fully protected in distributing as part of the income of the trust estate any and all dividends which they determine to be distributable as income.”
The intent of the testator is thus clear and unmistakable and this court should and must exercise its power to effectuate that intent in considering the allocations proposed by the respondents *540 and concurred in by the petitioning executors (Frankel v. Farmers’ Loan & Trust Co., supra). With respect to each of the investments the proposed allocation attempts to capitalize the appraised tax value of the investment as of the date of death out of the funds annually received from each of the corporate interests. The respondents claim that in this way the intact value of the principal of the trust is being fully protected and is not being diminished.
. Although this court is of the opinion that the respondents have made an honest effort to arrive at a fair manner of allocation, there are, nevertheless, factors present which require a review so that the remaindermen of the trust will receive their full share of the trust principal which the testator created for their benefit.
■Each of the investments presents a different problem and must .be separately considered. The decedent at the time of his death owned a 21.9318% interest in a corporation known as Broadway and Forty-Fourth, Inc. This corporation owns a building at that address and has a long-term ground lease on the land upon which the building stands which, with the exercise of renewal options, may run for a total term of 90 years. The decedent’s interest in this corporation was evidenced by 5,863 shares of its capital stock (which was included at no value in the estate tax proceeding) and $108,860 of debenture bonds upon which there was due accrued interest of $210,533. The bonds and the accrued interest thereon were appraised at $174,213 for tax purposes. This corporation has been using its income in the main for the redemption of its outstanding debentures applying $100,000 each year for that purpose and the estate as a result has been receiving $21,931.82 annually. There is no doubt that the bonds and •the accrued interest thereon represented principal assets at the time of the decedent’s death and although these assets were appraised at $174,213 for tax purposes, they realistically must be considered at par in view of the profitable nature of the corporation’s operations. It is the opinion of this court, therefore, that 5% of approximately $319,000 (the face value of the bonds plus accrued interest) should be distributed to income and the balance of the sums received from the corporation annually should be applied towards amortization of the principal until the face value of the bonds and the accrued interest has been fully realized. (Matter of Pennock, 285 N. Y. 475; Matter of Golding, 127 Misc. 821.)
At the time of the decedent’s death the decedent owned a 25% interest in the profits of Darco Realty Corporation under an agreement with said corporation which was entered into in or *541 about September, 1927. The principal asset of the corporation is a ground lease on premises 745 Seventh Avenue and the income of the corporation results from the difference between the rental it pays for such ground lease and the income resulting from a sublease of the property. Both the ground lease and the sublease expire in May, 1963 but the corporation has an option to renew the said ground lease for a period of 20 years. The decedent’s estate has been receiving as its 25% share of the profits approximately $8,000 per year. The income beneficiary has proposed that the net appraised tax value of this asset be amortized over a period beginning at the date of the decedent’s death until May, 1963 the expiration date of the leasehold so as to effect a full refund to principal. The court finds that this proposed allocation is equitable with the exception that the amortization of principal should be based upon the full appraised tax valuation of the corporation’s assets without regard to the discount allowed for minority interest.
As there is no opposition thereto the allocation proposed as to the interest of the decedent in the joint venture designated as Madison Avenue and Sixty-Fourth Street is approved.
With respect to the interest of the decedent in One Forty Seven East Eighty-Sixth Street, Inc., represented by 87%% of the corporation’s outstanding stock, the court finds that the proposed allocation which would amortize to principal the full appraised tax value thereof over a period of 10 years and 10 months from the date of death is equitable and it is, therefore, approved.
The requested authorization to abandon worthless securities and the other incidental relief prayed for is granted.